IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT WARREN WASHINGTON, )
              Petitioner, )   Civil Action No. 09 - 285
                             )
v. )   Magistrate Judge Susan Paradise Baxter
                             )
PENNSYLVANIA BUREAU OF )
PROBATION AND PAROLE , )
                             )
              Respondent. )
                             )

**MEMORANDUM OPINION AND ORDER**[1]

Petitioner, Robert Warren Washington, a *pro se* prisoner incarcerated in the State

Correctional Institution at Albion has filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254 alleging unconstitutional parole practices by Respondent, the Pennsylvania Board of

Probation and Parole. Specifically, on December 11, 2007, in the Court of Common Pleas of

Allegheny County, Pennsylvania, Petitioner pleaded guilty to involuntary deviate sexual intercourse

with a child under the age of thirteen and was sentenced to a term of from three (three) to six (6)

years incarceration. His minimum sentence expired on February 1, 2010 and his maximum sentence

expires on February 1, 2013 (ECF No. 11-1, p. 4).

Petitioner filed his Petition on November 12, 2009, before he became eligible for

consideration of release on parole on February 1, 2010. Specifically, Pennsylvania law provides that

the Board's power to grant parole "may not be exercised in the board's discretion at any time before,

but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence

or by the Board of Pardons in a sentence which has been reduced by commutation." Pennsylvania

Probation and Parole Act, 61 Pa. Cons. Stat. § 6137 (emphasis added). *See also* Commonwealth v.

Yuhasz, 592 Pa. 120, 131 (2007).

As of April 23, 2010, Petitioner had not filed an application for consideration for parole with

---

1. In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented
to have a United States Magistrate Judge conduct proceedings in this case, including entry of a
final judgment.

the Board (ECF No. 11-1, p. 2). Consequently, as of that date, the Board had not even interviewed Petitioner for parole nor made any decision as to whether or not to grant or deny parole. Moreover, Petitioner has not filed anything with this Court to show whether or not he has filed an application for parole since that time. Accordingly, the Petition will be dismissed because it is not ripe for review by this Court.

In this regard, Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

Here, the present Petition does not address a final agency action as Petitioner had not even filed a petition for consideration for parole at the time he filed his Petition in this Court. As such, the Petition is not "ripe" for review by this Court. In this regard, the "ripeness" doctrine derives from the requirement in Article III of the United States Constitution that federal courts are only empowered to decide cases and controversies. "Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint." Action Alliance of Senior Citizens v. Heckler, 789 F.2d 931, 940 n. 12 (D.C. Cir. 1986). The ripeness doctrine addresses questions of timing, *i.e.*, "when in time is it appropriate for a court to take up the asserted claim." Action Alliance, 789 F.2d at 940 (emphasis in original). The doctrine seeks to avoid entangling courts in the hazards of premature adjudication. Abbott Laboratories v. Gardner, 387

U.S. 136, 148 (1967). Thus the courts will not decide a case where the claim involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 at 112 (1984). With regard to administrative agency actions, considerations of ripeness reflect the need to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. Abbott Laboratories, 387 U.S. 136 at 148-49. Thus, judicial review is premature when an agency has yet to complete its work by arriving at a definite decision. Suburban Trails, Inc. v. New Jersey Trans. Corp., 800 F.2d 361, 365 (3d Cir. 1986).

In the instant action, there is no agency action for the Court to review. As such, Plaintiff's habeas claim is premature and has yet to ripen to the level of an Article III case or controversy. Consequently, the petition for writ of habeas corpus will be dismissed. An appropriate order follows.

**AND NOW**, this 13th day of January, 2011;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as premature.

By the Court:

/a/ Susan Paradise Baxter
Susan Paradise Baxter
United States Magistrate Judge

cc:    Robert Warren Washington
HJ1645
SCI-Albion
10745 Rt 18
Albion, PA 16475